UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DONALD GLENN

    V.

                                            PRISONER
                               CASE NO. 3:10CV2008 (RNC)

WARDEN ERFE

**<u>ORDER</u>**

The petitioner, Donald Glenn, has filed this petition for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241. On July 24, 2009, in this court, the petitioner entered a guilty plea to six counts of violating 18 U.S.C. § 1344. On December 22, 2009, the court sentenced the petitioner to a term of imprisonment of seventy-eight months, following by five years of supervised release. *See United States v. Glenn*, Case no. 3:09cr170(RNC). The petitioner has not appealed the conviction or sentence.

On January 14, 2010, in the Connecticut Superior Court for the Judicial District of Hartford, a judge sentenced the petitioner to a total effective term of imprisonment of eighty months for violations of Connecticut General Statutes §§ 53a-48, 53a-124, 53a-139 and 53-395. The judge ordered the sentence to be served concurrently with the petitioner's federal sentence.

On December 16, 2010, the petitioner filed this petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal sentence.[1]  The petitioner seeks an order modifying his federal sentence to reflect that it should run concurrently with his Connecticut sentence.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3).  In 1948, however, Congress enacted 28 U.S.C. § 2255.  This statute "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." *Id.*

Currently, a petition filed "pursuant to § 2241 generally

---

[1] The petition is dated December 15, 2010 and the application to proceed *in forma pauperis* is dated December 16, 2010.  The court assumes that the petitioner handed his petition to prison officials for mailing to the court on December 16, 2010, the date he signed his application to proceed *in forma pauperis*.  Thus, the court deems the petition for writ of habeas corpus as having been filed in this court on December 16, 2010. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a *pro se* prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)(citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). A § 2255 motion, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence." *Id.* at 146-47. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to § 2255 rather than a petition filed pursuant to § 2241.

Because the petitioner challenges the imposition of his sentence, it should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In *Jiminian*, 245 F.3d at 148, the Second Circuit held that a district court may construe a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, without providing the petitioner with notice or an opportunity to withdraw the petition, as long as the petitioner

3

"has had a prior § 2255 motion dismissed on the merits." Here, petitioner does not indicate and the criminal docket does not reflect that he has ever filed a § 2255 or that a § 2255 motion has been denied on the merits. Thus, the present petition is not successive. Accordingly, the court will follow the Second Circuit's instructions set forth in *Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998).

In *Adams*, the Second Circuit ruled that in a situation when a petitioner has never filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, a district court may not simply construe a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 as a motion to vacate, set aside or correct sentence without providing notice to the petitioner. Thus, prior to recharacterizing a § 2241 petition as a motion brought pursuant to § 2255, this court must permit the petitioner to either: (1) agree to the recharacterization of his petition as a § 2255 motion; or (2) "withdraw the [petition] rather than have it so recharacterized." *Id.* at 584.[2]

---

[2] The court notes that 28 U.S.C. § 2255 contains a one year statute of limitations. Because the petitioner did not appeal his federal conviction and sentence, his federal criminal judgment became final on January 6, 2010, the date for filing a direct appeal expired. *See Moshier v. U.S.*, 402 F.3d 116, 118 (2d. Cir. 2005) (holding "that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). As noted above, the petitioner filed this action on December 16, 2010, the date he is presumed to have handed the petition to prison officials for

## **Conclusion**

On or before **April 15, 2011,** the petitioner shall file a Notice in which he either: (1) agrees to the recharacterization of his petition as a § 2255 motion; or (2) withdraws the petition rather than have the court recharacterize it as a § 2255 motion.

SO ORDERED at Bridgeport, Connecticut this 31st day of March, 2011.

                            /s/
                            Holly B. Fitzsimmons
                            United States Magistrate Judge

---

filing. Thus, if the petitioner agrees to have the petition re-characterized as a motion filed pursuant to 28 U.S.C. § 2255, it will have been filed within the one-year statute of limitations.